**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-6269 |
| | ) | |
| JOHN E. REID AND ASSOCIATES, INC., | ) | |
| MICHAEL MASOKAS, THE ESTATE | ) | |
| OF ARTHUR T. NEWEY, and | ) | |
| WILLIAM AMOR, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Federal Insurance Company ("Federal") hereby complains of John E. Reid and Associates, Inc. ("Reid"), Michael Masokas ("Masokas"), the Estate of Arthur T. Newey ("Newey"), and William Amor ("Amor"), as follows:

## Introduction

1. This is a declaratory-judgment action arising out of an underlying lawsuit filed by Amor against Reid (a polygraph examination firm) and two of its former employees, Masokas and Newey. In the underlying lawsuit, Amor alleges that Reid, Masokas, and Newey conspired with Naperville police to coerce Amor into falsely confessing to setting a fire that killed Amor's mother-in-law. Amor claims that, as a result, he was arrested, convicted, and spent over 20 years in prison for crimes that he did not commit.

2. In this action, Federal seeks a judgment declaring that it has no duty to defend Reid, Masokas, or Newey against the underlying lawsuit, or indemnify them for any liability that they may incur, under liability insurance policies Federal issued from December 31,

1994 to December 31, 2000. As alleged in greater detail below, the policies do not cover Amor's claims because: (a) the policies exclude coverage for "personal injury," including malicious prosecution; (b) Amor does not seek to recover damages for "bodily injury"; (c) Amor does not allege an "occurrence"; (d) Amor's injuries were expected or intended; (e) several of the policies exclude coverage for injuries arising out of professional services, including polygraph examinations; and (f) several of the policies do not include Reid, Masokas, or Newey as insureds.

## Jurisdiction

3. Federal is a corporation that is incorporated under Indiana law and has its principal place of business in New Jersey.

4. Reid is a corporation that is incorporated under Illinois law and has its principal place of business in Illinois.

5. Masokas is an individual domiciled in Illinois.

6. Newey is a deceased individual who was domiciled in Illinois at the time of his death.

7. Amor is an individual domiciled in Illinois.

8. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. The Court has original jurisdiction over this action under 28 U.S.C. § 1332.

## The Policies

10. Federal issued a series of liability insurance policies under Policy No. 3533-50-49 that were in effect for annual policy periods from December 1, 1994 to December 1, 2000.

11. All of the policies exclude coverage for damages that an insured becomes liable to pay for "personal injury," which is defined to mean injury, other than bodily injury, arising out of certain enumerated offenses, including malicious prosecution.

12. Instead, as relevant here, each policy only covers damages that an insured becomes liable to pay for "bodily injury" occurring during the policy period that is caused by an "occurrence."

13. The policy in effect from December 1, 1994 to December 1, 1995 defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person." The policies in effect from December 1, 1995 to December 1, 1996 similarly define "bodily injury" to mean "physical injury, sickness, or disease sustained by a person."

14. All of the policies define "occurrence" to mean "an accident."

15. Notwithstanding the above, the policy in effect from December 1, 1994 to December 1, 1995 excludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured." The policies in effect from December 1, 1995 to December 1, 2000 more broadly exclude coverage for "bodily injury" resulting from "an act that is intended by the insured or can be expected from the standpoint of a reasonable person to cause bodily injury."

16. The policy in effect from December 1, 1994 to December 1, 1995, also excludes coverage for liability arising out of the rendering or failure to render certain professional services, including "polygraph examiners" and "private investigative services." The policies in effect from December 1, 1995 to December 1, 1997 more broadly exclude coverage for liability arising out of the rendition of any "professional service or advice."

3

17. Reid is included as a named insured under the policies in effect from December 1, 1994 to December 1, 1996 and from December 1, 1999 to December 1, 2000. Reid is not, however, included as a named insured under the policies in effect from December 1, 1996 to December 1, 1999. Rather, the policies in effect from December 1, 1996 to December 1, 1998 identify the named insured as "John E. Reid Investigative Services, Inc.," and the policy in effect from December 1, 1998 to December 1, 1999 identifies the named insured as "John E. Reid." Consequently, neither Reid nor any of its employees is insured under the policies in effect from December 1, 1996 to December 1, 1999.

18. Finally, the policies obligate Federal to defend an insured against any suit seeking covered damages. Federal, however, has no obligation to defend an insured (or anyone else) against a suit seeking damages that are not covered.

## The Underlying Lawsuit

19. On February 27, 2020, Amor initiated the underlying lawsuit by filing a complaint against Reid, Masokas, and Newey in the United States District Court for the Northern District of Illinois, entitled *William Amor v. John Reid & Associates, Inc., et al.*, Case No. 1:20-cv-01444.

20. In the complaint, Amor alleges that, on September 10, 1995, a fire occurred at his residence in Naperville, Illinois, and that his mother-in-law, Marianne Miceli, died as a result of the fire.

21. Amor further alleges that, on October 3, 1995, Naperville police took him to Reid's office where he was subjected to interrogation and polygraph testing administered by Masokas and Newey, who were employed by Reid.

4

22. Amor claims that, during the interrogation and polygraph testing, he was subjected to mental and emotional abuse by Masokas and Newey that caused him to falsely confess to setting the fire.

23. Amor further asserts that Masokas and Newey knew that he was innocent and that his false confession was the result of the mental and emotional abuse that he had endured.

24. Amor avers that, after he confessed, he was charged with first-degree murder and aggravated arson, convicted, and spent over 20 years incarcerated for crimes that he did not commit.

25. Amor alleges that, on April 6, 2017, his conviction was vacated after a state trial court concluded that his confession was "scientifically impossible."

26. Finally, Amor asserts that, on February 21, 2018, he was acquitted following a re-trial.

27. Amor asserts various counts against Reid, Masokas, and Newey in his complaint, including causes of action under Section 1983 of Title 42 of the United States Code based upon alleged violations of his civil rights, as well as state-law claims for malicious prosecution and intentional infliction of emotional distress.

28. In each count, Amor seeks to recover damages for injuries including "loss of liberty, emotional distress, and mental anguish."

**The Instant Coverage Dispute**

29. Reid, Masokas, and Newey requested coverage under the policies for the underlying lawsuit, including a defense and indemnity for any liability that they may incur for Amor's alleged injuries.

30. No coverage exists under the policies, however, for a number of reasons, including the following:

31. *First*, all of the policies exclude coverage for "personal injury," including, as relevant here, Amor's injuries allegedly resulting from his malicious prosecution. Alternatively, even if the policies did not exclude coverage for "personal injury," no such injury resulted from any offense committed during the policy periods from December 31, 1995 to December 31, 2000.

32. *Second*, Amor does not seek to recover damages for "bodily injury" occurring during any of the policy periods. Rather, Amor seeks to recover damages for "loss of liberty, emotional distress, and mental anguish" that he suffered as the result of being charged, convicted, and incarcerated for crimes that he did not commit.

33. *Third*, even if Amor did seek to recover damages for "bodily injury," his alleged "bodily injury" did not result from an "occurrence." Rather, Amor alleges that Reid, Masokas, and Newey conspired with Naperville police to coerce Amor to confess to crimes that they knew he did not commit.

34. *Fourth*, even if Amor did seek to recover damages for "bodily injury" caused by an "occurrence," Amor's claims would be excluded from coverage because Reid, Masokas, and Newey allegedly knew Amor was innocent but coerced him to falsely confess by

6

mentally and emotionally abusing him during the interrogation and, thus, they expected or intended Amor's injuries to occur. Alternatively, Amor's injuries could have been expected from the standpoint of a reasonable person and are, therefore, excluded under at least the policies in effect from December 1, 1995 to December 1, 2000.

35. *Fifth*, no coverage exists under the policies in effect from December 1, 1994 to December 1, 1997 because Reid's, Masokas's, and Newey's alleged liability for Amor's injuries arises out of their rendition of professional services, including polygraph examinations and professional investigative services.

36. *Sixth*, no coverage exists under the policies in effect from December 1, 1996 to December 1, 1999 because Reid is not a named insured under those policies and, consequently, neither Reid nor any of its employees, including Masokas and Newey, qualify as insureds under those policies.

37. Based on the above, an actual controversy exists between Federal, on the one hand, and Reid, Masokas, and Newey, on the other, concerning whether Federal owes coverage under the policies for Amor's underlying lawsuit, including whether Federal must defend Reid, Masokas, and Newey against Amor's claims and indemnify them for any liability that they may incur.

38. Finally, Amor is named as a defendant in this lawsuit because, under Illinois law, an injured third party is indispensable when an insurer sues an insured for a declaratory judgment defining coverage.

WHEREFORE, Federal respectfully requests that the Court enter a judgment in its favor, declaring that Federal has no duty under the policies to (a) defend Reid, Masokas, or

7

Newey against Amor's underlying lawsuit or (b) indemnify Reid, Masokas, or Newey for any liability that they might incur to pay damages for Amor's alleged injuries.

Dated: October 22, 2020.          Respectfully submitted,

<u>s/Christopher A. Wadley</u>
Christopher A. Wadley (Bar No. 6278651)
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6717
Email: cwadley@walkerwilcox.com

Attorney for Federal Insurance Company